UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARGILL, INCORPORATED,  *Plaintiff*, | ) ) ) | |
| *vs.* | ) ) | 1:15-mc-00023-JMS-DML |
| SEARCY FARMS, INC.,  *Defendant.* | ) ) ) | |

## ORDER

Presently pending before the Court is an Application for Confirmation of Arbitration Award filed by Plaintiff Cargill, Incorporated ("Cargill"). [Filing No. 1.] For the following reasons, the Court grants the Application.

### I.
### BACKGROUND

**A. The Contracts**

Between 2010 and 2012, Cargill entered into six contracts with Searcy Farms, Inc. ("Searcy"), whereby Searcy agreed to deliver 55,000 bushels of U.S. No. 2 Yellow Corn and 24,000 bushels of U.S. No. 1 Yellow Soybeans to Cargill between October 1, 2012 and November 30, 2012 (the "Contracts"). [Filing No. 2-1.] The Contracts contained the following provision:

> **NGFA Grain Trade and Arbitration Rules.** Unless otherwise provided herein, this Contract, and all other grain contracts by and between Buyer and Seller, shall be subject to the Grain Trade Rules of the National Grain and Feed Association (NGFA), which Trade Rules are incorporated herein by reference. The parties agree that the sole forum for resolution of all disagreements or disputes between the parties arising under any grain contract between Buyer and Seller or relating to the formation of any grain contract between Buyer and Seller shall be arbitration proceedings before NGFA pursuant to NGFA Arbitration Rules. The decision and award determined by such arbitration shall be final and binding upon both parties and judgment upon the award may be entered in any court having jurisdiction thereof. Copies of the NGFA Grain Trade and Arbitration Rules are available from Buyer upon request and are available at www.ngfa.org. In addition to any damages

otherwise provided by law, Buyer shall be entitled to recovery of its attorney('s) fees and costs.

[*See, e.g.*, Filing No. 2-1 at 3.]

When Cargill learned that Searcy would not be able to fulfill its obligations under the Contracts, it elected to cancel the Contracts and notified Searcy that unless Searcy paid for outstanding damages for failure to fulfill its obligations, Cargill would seek arbitration with the National Grain and Feed Association ("NGFA"), as provided for in the Contracts. [Filing No. 2 at 2.]¹

### B. The Arbitration

Cargill asserts that it and Searcy fully participated in the arbitration proceeding, and stipulated to the procedures and jurisdiction of the NGFA, and Searcy does not dispute that assertion. [Filing No. 2 at 2; Filing No. 14.] On October 16, 2014, the NGFA arbitration panel issued a decision, stating:

> Based upon review of the documents in this case and the longstanding relationship between the parties, the arbitrators determined that each of the contracts submitted in this case were properly a part of this proceeding. In particular, J. Daniel Searcy had executed multiple contracts for Searcy Farms and Searcy Farms Inc. interchangeably. Cargill had no reason to be aware of the existence of potentially separate entities nor did it have a basis to question whether the named individuals signing contracts on behalf of Searcy Farms had the authority that they reasonably appeared and claimed to have.
>
> Searcy Farms submitted various additional arguments challenging the contracts, including allegations that the contracts were "unconscionable" or "adhesion contracts." Searcy Farms claimed that inconsistent aflatoxin sampling and shortened hours of delivery imposed by Cargill impeded Searcy Farms' ability to fulfill the contracts. Searcy Farms also stated that Cargill should be required to amend and resubmit its claims on the theory that they were legally deficient.

---

[1] Cargill does not submit evidence to support this fact, but Searcy does not dispute that it was unable to fulfill its obligations under the Contracts, nor that Cargill then requested arbitration with the NGFA. [*See* Filing No. 14 at 3-4; Filing No. 14-2 (letters from Cargill to Searcy requesting adequate assurance of performance under the Contracts); Filing No. 14-3 (letters from counsel for Searcy to Cargill requesting alteration of Contract terms).]

> The arbitrators denied these claims by Searcy Farms.  The contracts in this dispute followed the general customs of the trade as well as prior practice between these same parties, including many other contracts between Searcy Farms and Cargill that were successfully completed.  The arbitrators concluded that deliveries by Searcy Farms were not unduly hampered and were clearly provided for in the contractual language regarding quality specifications and timing of deliveries.  The arbitrators decided that contract integrity was maintained in the course of dealings between the parties relevant to this dispute and a clear claim upon which relief can be granted to Cargill existed.  Searcy Farms did indeed breach each signed contract by failing to deliver the grain.  Further, the arbitrators determined that NGFA had sole jurisdiction to resolve the disputes in this matter, as provided and agreed upon by both parties in the contracts, which were each signed by Searcy Farms.

[Filing No. 2-2 at 4-5.]

The arbitration panel awarded $116,764.14 to Cargill, with interest at the rate of 3.25% per annum from the date of the decision forward.  [Filing No. 2-2 at 5.]  The arbitration panel did not award attorneys' fees.  [Filing No. 2-2 at 5.]

### C.  The Lawsuit

Cargill initiated this matter on February 26, 2015, through filing the pending Application for Confirmation of Arbitration Award.  [Filing No. 1.]  Through the Application, Cargill seeks an award and final judgment against Searcy for $116,764.14, with interest and reasonable attorneys' fees and costs.  [Filing No. 1 at 2.][2]

---

[2] A federal court cannot enforce an arbitration award "unless the dispute giving rise to the award would have been within the court's jurisdiction to resolve had the dispute given rise to a lawsuit rather than to an arbitration."  *Lefkovitz v. Wagner*, 395 F.3d 773, 781 (7th Cir. 2005).  Here, the Court would have had diversity jurisdiction to hear Cargill's claims against Searcy.  Cargill is a Delaware corporation with its principal place of business in Minnesota, Searcy is an Indiana corporation with its principal place of business in Indiana, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  [*See* Filing No. 1 at 1; Filing No. 14 at 1.]

## II.
### STANDARD OF REVIEW

Judicial review of an arbitration award is "extremely limited." *Masco Corp. v. Prostyakov*, 558 Fed. Appx. 685, 688 (7th Cir. 2014). Indeed, the Seventh Circuit Court of Appeals has "wondered whether 'review' might be a misnomer." *Id.* Section 10 of the Federal Arbitration Act ("FAA") provides that:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

While courts will set aside arbitration awards for "manifest disregard of the law," the Seventh Circuit Court of Appeals has defined that phrase "so narrowly that it fits comfortably under the first clause of the fourth statutory ground – "where the arbitrators exceeded their powers"… [because] we have confined it to cases in which arbitrators 'direct the parties to violate the law.'" *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 268-69 (7th Cir. 2006) (citing *George Watts & Son, Inc. v. Tiffany & Co.*, 248 F.3d 577, 580 (7th Cir. 2001); *IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645, 650 (7th Cir. 2001)). The Seventh Circuit Court of Appeals has also explained that:

> It is tempting to think that courts are engaged in judicial review of arbitration awards under the Federal Arbitration Act, but they are not….When parties agree to arbitrate their disputes they opt out of the court system, and when one of them challenges the resulting arbitration award he perforce does so not on the ground that the arbitrators made a mistake but that they violated the agreement to arbitrate, as by corruption, evident partiality, exceeding their powers, etc. – conduct to which the parties did not consent when they included an arbitration clause in their contract. That is why in the typical arbitration, which…is concerned with interpreting a contract, the issue for the court is not whether the contract interpretation is incorrect or even wacky but whether the arbitrators had failed to interpret the contract at all,…for only then were they exceeding the authority granted to them by the contract's arbitration clause.

*Wise*, 450 F.3d at 269. *See also Masco Corp.*, 558 Fed. Appx. at 688 (A court must uphold an arbitration award "so long as the arbitrator interpreted the parties' agreement *at all*" (quotations omitted, emphasis in original)).

### III.
### DISCUSSION

Searcy agrees with the standard of review set forth above for setting aside an arbitration award, [Filing No. 14 at 4-6], but argues that the arbitrators exceeded their powers, thus acting in manifest disregard of the law, by:

- Not applying Indiana law to "attempt to distinguish the parties to the Contract or the rights and responsibilities arising out of the Contracts. The panel's decision holds [Searcy] liable on contracts to which it was not a party and enforces contracts against [Searcy] a non-party to [several of the Contracts]";

- Disregarding Searcy's arguments "related to basic contract law principles concerning identification of proper parties to the Contracts and the enforceability of said Contracts against those who are not a party to the proceedings"; and

- Failing to address "any substantive legal issue regarding a corporation being a separate legal entity from the individual, identification of proper parties to the contracts, [or] authority of an individual to bind the corporation to the contracts, and mak[ing] no attempt to ascertain the correct liabilities of the parties to the respective contracts."

[Filing No. 14 at 6-9.][3]

None of these grounds warrants setting aside the arbitrators' decision. First, as discussed above, the Seventh Circuit has limited the setting aside of arbitration awards to instances where arbitrators "direct the parties to violate the law." *Wise*, 450 F.3d at 269. None of the arguments Searcy sets forth in its brief indicate that the arbitrators did so here and, indeed, Searcy does not even argue that this occurred.

Second, Searcy's arguments that the arbitrators failed to properly interpret its arguments regarding the Contracts and which parties were bound by the Contracts, and failed to consider its arguments altogether, are meritless and, in any event, would not warrant setting aside the arbitration award even if they could hold water. The arbitration panel *did* consider Searcy's arguments and set forth findings regarding whether Searcy was bound by the Contracts and was the proper party to the arbitration. [Filing No. 2-2 at 4-5.] The Court may not, and will not, delve into the arbitrators' decision further. The arbitrators considered Searcy's arguments, and that is all that is required for enforcement of the arbitration award. *See Masco Corp.*, 558 Fed. Appx. at 688 (A court must uphold an arbitration award "so long as the arbitrator interpreted the parties' agreement *at all*" (quotations omitted, emphasis in original)).

---

[3] The Court notes that Searcy filed a Demand for Jury Trial, in which it requested "[p]ursuant to Rule 38 of the Federal Rules of Civil Procedure…[a] trial by jury in this action of all issues so triable." [Filing No. 9.] To the extent that Searcy requests a jury trial on Cargill's Application, no such right exists because Cargill's Application is governed by the FAA, and not the Federal Rules of Civil Procedure. *See Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 570 (7th Cir. 2007) (the FAA "removes actions to confirm or vacate arbitration awards from the realm of civil cases governed by the Federal Rules of Civil Procedure"); *Daniel v. Chase Bank USA, N.A.*, 650 F.Supp.2d 1275, 1278 (N.D. Ga. 2009) ("This action involves a motion to confirm an arbitration award, which is governed by 9 U.S.C. 9, not an attempt to compel arbitration. Section 9 does not grant the right to a jury trial").

In any event, even if Searcy's arguments had merit, the Court cannot overturn an arbitration award based on errors of law or fact – even clear or gross errors of law or fact. *See Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008) ("Factual or legal error, no matter how gross, is insufficient to support overturning an arbitration award"); *see also IDS Life Ins. Co.*, 266 F.3d at 649-50 (party asking for arbitration award to be set aside "point[s] to nothing in the rules that gave them a contractual right to insist on arbitrators abler, swifter, or more articulate than the ones they got. They point to nothing that entitles us to scour the record for signs of arbitral incompetence. The grounds on which the plaintiffs can attack the award are limited to those set forth in the Federal Arbitration Act. (The plaintiffs wisely do not invoke the controversial nonstatutory ground, 'manifest disregard of the law,' which we have limited to the situation in which the arbitral award directs the parties to violate the law….)") The Court's role is not to review the arbitrator's decision as an appellate court, and to determine whether it agrees with that decision. Rather, its role is limited to determining whether the arbitrator's decision directs the parties to violate the law. Searcy does not assert that this is the case, let alone present evidence that this occurred.[4]

---

[4] To the extent that Searcy claims there was not sufficient evidence to support the arbitrators' decision, this – even if true – also would not warrant setting aside the arbitrators' decision. *See, e.g.*, *Flexible Mfg. Systems Pty. Ltd. v. Super Products Corp.*, 86 F.3d 96, 100 (7th Cir. 1996) ("[I]nsufficiency of the evidence is not a ground for setting aside an arbitration award under the FAA").

The arguments Searcy has set forth simply do not implicate the narrow circumstances in which the Court can set aside an arbitration award and, accordingly, the Court declines to do so here.[5]

## IV.
### CONCLUSION

The Court's review of an arbitration award is exceedingly narrow, and Searcy has not argued, nor has it presented any evidence to indicate, that the arbitration decision here falls into the small category of awards that warrant being set aside. A party's decision to enter into a contract with an arbitration clause "entails a trade-off. A party can gain a quicker, less structured way of resolving disputes; and it may also gain the benefit of submitting its quarrels to a specialized arbiter, which…knows the customs and lore of an industry first-hand….Parties lose something, too: the right to seek redress from the courts for all but the most exceptional errors at arbitration." *Dean v. Sullivan*, 118 F.3d 1170, 1173 (7th Cir. 1997). As the Seventh Circuit has explained, "[i]f courts were to undertake the kind of searching review of arbitral awards that [Searcy] invites here, arbitration would be transformed from a commercially useful alternative method of dispute resolution into a burdensome additional step on the march through the court system." *Flexible Mfg. Systems*, 86 F.3d at 100. The Court will not engage in such a review here.

---

[5] Cargill seeks "reasonable attorney fees and costs" in its Application, [Filing No. 1 at 2], but does not discuss the request in its supporting briefs, [*see* Filing No. 2; Filing No. 16]. The award of attorneys' fees may be justified when "the opponent's suit has no merit or is 'frivolous,' that is, brought in bad faith to harass rather than to win." *Chrysler Motors Corp. v. International Union, Allied Indus. Workers of America, AFL-CIO*, 959 F.2d 685, 689 (7th Cir. 1992). Because Cargill has not set forth any evidence or argument supporting a finding that Searcy has acted to harass it, the Court denies Cargill's request for attorneys' fees and costs. *See Ball-Foster Glass Container Co., L.L.C. v. American Flint Glass Workers Union, AFL-CIO*, 354 F.Supp.2d 839, 851-52 (N.D. Ind. 2002) (denying request for attorneys' fees in connection with application to confirm arbitration award where there was no evidence party opposing application acted in harassing manner).

Accordingly, the Court **GRANTS** Cargill's Application for Confirmation of Arbitration Award.  [Filing No. 1.]  Final judgment shall enter accordingly.

Date:  August 17, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**